# Commonwealth *v.* Strail, Appellant.

*Appeals—Paper-books—Statement of question involved—History of the case—Rules of court—Practice, Supreme Court—Murder.*

A paper-book even in a murder case may be suppressed and the appeal quashed, if the. statement of the question involved and the history of the case are of unduly great length and filled with irrelevant and argumentative matters.

*Criminal law—Murder—Degree of crime—Charge—Points.*

Where the only issue in a murder trial is whether the crime was murder of the first or of the second degree, a trial judge cannot be charged with insufficiently charging the jury, if he fully and accurately defines murder with its essential elements, and presents the statutory distinction as to degrees, the circumstances affecting the distinction such as the premeditation, the time required to be shown to sustain a finding as to it, and the failure of presumption from the killing to rise above murder of the second degree.

Where in a murder trial points are presented involving circumstantial reference to the particular case, the court commits no error in affirming the points with qualifications in reference to matters improperly excluded, or to matters not specified, but which should have been included.

Argued Feb. 17, 1908.   Appeal, No. 46, Oct. T., 1908, by defendant, from judgment of C. P. Venango Co., Nov. T., 1907, No. 2, on verdict of guilty of murder of the first degree in case of Commonwealth v. James Strail.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Indictment for murder.   Before CRISWELL, P. J.

The opinion of the Supreme Court states the case.

Verdict of guilty of murder of the first degree, on which judgment of sentence was passed.

*Errors assigned* were various instructions, sufficiently indicated in the opinion of the Supreme Court.

*William J. Breene,* with him *Edmond C. Breene,* for appellant.

*Dan B. Goodwin,* district attorney, with him *F. A. Sayers,* for appellee, were not heard.

PER CURIAM, March 23, 1908 :

The zeal of counsel to have the case regarded in his own way has led him into a perilous disregard of the rules of court. The statement of the questions involved is at least twice the utmost allowable length, the history of the case is open to the same objection, and both are alike filled with irrelevant and argumentative matters. Counsel have been repeatedly warned that even in murder cases this course involves very serious risk of the paper-book being suppressed and the appeal quashed.

In similar manner the assignments of error are drawn out into twenty, covering over sixteen closely printed pages. Substantially they embrace only two complaints, that the affirmance of appellant's points was in several instances qualified, and that the charge was not a full and adequate presentation of the case to the jury. Neither complaint has any foundation.

There was no denial of the killing, or of the mode and circumstances of it. The only issue, therefore, was the degree of the crime, and as to that the prisoner admitted that it was murder of the second degree ; the commonwealth contended for first degree. A narrower issue is rarely presented in any case. The trial judge fully and accurately defined murder with its essential elements, the statutory distinction as to degrees, and the circumstances affecting the distinction, such as the premeditation, the time required to be shown to sustain a finding as to it, the failure of presumption from the killing to rise above second degree, etc. All these matters were clearly presented to the jury, first in a general charge on the subject and then in answer to points presented by the prisoner. The points as to the law in general were affirmed as presented. But some of those involving circumstantial reference to the particular case, were affirmed with qualification in reference to matters improperly included, or more frequently to matters not specified but which should have been included. Most of such points might well have been flatly refused, but instead of so doing the judge affirmed them with the necessary qualification. We do not find that he made any qualification that the law did not require.

The complaint that the charge was not a fair and adequate

presentation of the case appears to rest on the view that more prominence was given to the evidence for the commonwealth than to that for the prisoner, a view quite frequently taken by the prisoner's counsel whose minds are naturally fixed on points that bear in their client's favor. But we do not find any ground for it in this case.

Judgment affirmed and record remitted to the court of oyer and terminer for purpose of execution.